PECK *et al. v.* FIRST NAT. BANK.

*(Circuit Court, S. D. New York. May 22, 1890.)*

BANKS AND BANKING—COLLECTIONS.

Plaintiffs sent to a certain bank a bill of exchange indorsed to said bank for collection. At the time the bank received the bill of exchange it was insolvent, to the knowledge of the managing officer, and on that day, or following morning, it failed. Prior to the failure it indorsed the bill of exchange to defendant bank, which collected it, and kept the proceeds, crediting the insolvent bank, which was indebted to it, with the amount thereof. *Held,* that the first bank acquired no title because of its fraud in not disclosing its insolvency, and defendant had no better title, as plaintiffs' indorsement showed that the bank was merely plaintiffs' agent to collect the proceeds.

At Law.

Action by John P. Peck and others, copartners, doing business as "Farmers' Bank of Coshocton," against the First National Bank of New York to recover the proceeds of a bill of exchange, which was sent to the Fidelity National Bank of Cincinnati, with the following indorsement thereon: "Pay to the order of Ammi Baldwin, cashier, for collection, account of Farmers' Bank of Coshocton, Ohio. SAMUEL IRVINE, Cashier." Said Samuel Irvine was cashier for plaintiffs. The Fidelity Bank indorsed the bill of exchange to the defendant bank, and, after the failure of the Fidelity Bank, the defendant bank collected it, and kept the proceeds, crediting the Fidelity National Bank, which was indebted to defendant, with the amount thereof.

*Henry C. Andrews,* for plaintiffs.

*Peabody, Baker & Peabody,* for defendant.

WALLACE, J. At the time when the Fidelity Bank received the draft belonging to the plaintiffs for collection, the bank was, according to the agreed statement of facts, "hopelessly and irretrievably insolvent, as was known to E. L. Harper, the vice-president of the Fidelity Bank, who was then the managing officer of the business of the bank." The bank failed the same day, or the next morning, and never resumed business. Under these circumstances, it was a fraud upon the plaintiffs, on the part of the bank, to acquire their property upon the faith of its apparent prosperity, without disclosing the real situation. The Fidelity Bank,

therefore, did not acquire any title to the draft, or its proceeds. *Railroad Co.* v. *Johnston*, 10 Sup. Ct. Rep. 390. The restrictive indorsement upon the draft was notice to the defendant that the Fidelity Bank was merely an agent for the plaintiffs to collect the proceeds, consequently the defendant did not acquire any better title to the draft, or its proceeds, than the Fidelity Bank had. Judgment is ordered for the plaintiffs.